UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **TITAN TIRE CORPORATION,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Court No. 23-00233 <br> ) |
| **UNITED STATES,** | ) <br> ) |
| Defendant. | ) <br> ) |

**COMPLAINT**

Plaintiff Titan Tire Corporation ("Plaintiff"), by and through its attorneys, alleges and states as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiff contests portions of the final results issued by the U.S. Department of Commerce ("Commerce") in the countervailing duty administrative review covering the period from January 1, 2021, through December 31, 2021, in *Certain New Pneumatic Off-the-Road Tires From India*, Case No. C-533-870.

2. Notice of Commerce's final results was published in the Federal Register on October 3, 2023. *See Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 68,101 (Dep't of Commerce Oct. 3, 2023) ("*Final Results*").

3. The findings and conclusions of the *Final Results* are set forth in Commerce's Issues and Decision Memorandum dated September 27, 2023.

4. Commerce subsequently published corrected and amended final results on November 27, 2023. *See Certain New Pneumatic Off-the-Road Tires From India: Notice of*

1

*Correction to the Final Results, and Amended Final Results of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 82,828 (Dep't of Commerce Nov. 27, 2023) ("*Amended Final Results*").

## JURISDICTION

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under 19 U.S.C. §§ 1516a(a)(2)(A) and (a)(2)(B)(iii).

## STANDING

6. Plaintiff is a manufacturer and producer of the domestic like product in the United States. As such, Plaintiff is an "interested party" within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(C) and 28 U.S.C. § 2631(k)(1).

7. Plaintiff participated in the administrative review that is the subject of this challenge and, accordingly, has standing to commence this action as a "party to the proceeding" pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

8. Plaintiff commenced this action by filing a Summons on November 2, 2023, within 30 days after the date of publication of the *Final Results*.

9. Plaintiff is filing this Complaint within thirty days after filing of the Summons.

10. The Summons and Complaint therefore are timely filed pursuant to 19 U.S.C. § 1516a(a)(2), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the U.S. Court of International Trade.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

11. The countervailing duty order in this proceeding was published in the *Federal Register* on March 6, 2017. *See Certain New Pneumatic Off-the-Road Tires from India and Sri*

*Lanka: Amended Final Affirmative Countervailing Duty Determination for India and Countervailing Duty Orders*, 82 Fed. Reg. 12,556 (Dep't of Commerce Mar. 6, 2017).

12. Notice of opportunity to request the underlying review, which covers the period from January 1, 2021, through December 31, 2021, was published in the *Federal Register* on March 3, 2022. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 87 Fed. Reg. 12,086 (Dep't of Commerce Mar. 3, 2022).

**STATEMENT OF FACTS**

13. The underlying review was initiated by notice published in the *Federal Register* on May 13, 2022. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 29,280, 29,283 (Dep't of Commerce May 13, 2022).

14. Commerce initiated a review of 23 companies. *See id.*

15. In the underlying review, Commerce determined that it could not conduct individual reviews of all respondents, due to the large number of respondents in the review and constraints on its resources. Accordingly, Commerce determined to select two respondents for individual examination: ATC Tires Private Limited ("ATC") and Balkrishna Industries Ltd. ("BKT").

16. In the original countervailing duty investigation, Commerce found that the Advanced Authorization Scheme ("AAS") is a countervailable export subsidy providing import duty exemptions to Indian producers such as BKT. Commerce made this finding after the Government of India ("GOI") failed to show at verification that the GOI's Norms Committee, the body responsible for reviewing the *ad hoc* norms used by BKT, has an adequate procedure in place under 19 C.F.R. § 351.519(a)(4) to ensure the *ad hoc* norms chosen by BKT reflect actual

consumption, and the GOI confirmed that it does not regularly conduct physical audits for this program. *See Countervailing Duty Investigation of Certain New Pneumatic Off-the-Road Tires From India: Final Affirmative Determination, and Final Affirmative Critical Circumstances Determination, in Part*, 82 Fed. Reg. 2946 (Dep't of Commerce Jan. 10, 2017), and accompanying Issues and Decision Memorandum at 14–15, 28–30.

17. In the *Final Results* of the review, however, Commerce improperly concluded that the GOI had carried out an examination of the inputs involved to confirm which inputs are consumed in the production of the exported product, and in what amounts, in accordance with 19 C.F.R. § 351.519(a)(4)(ii). This assessment was based on a *post hoc*, incomplete, and cursory examination performed by the GOI at the request of BKT after the end of the period of review — solely for the purpose of this review. Based on this flawed examination that did not meet the requirements of 19 C.F.R. § 351.519(a)(4), Commerce incorrectly determined that BKT had not used, nor did it benefit from, the AAS program during the period of review. *See Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 68,101 (Dep't of Commerce Oct. 3, 2023), and accompanying Issues and Decision Memorandum at 18–20.

18. Commerce ultimately calculated a *de minimis* net subsidy rate for BKT of 0.32 percent *ad valorem* in the *Amended Final Results*.

19. In the *Final Results* of the review, Commerce calculated the subsidy rate for the companies not selected for individual examination as the weighted average of the net subsidy rates calculated for ATC and BKT.

20. In the *Amended Final Results*, Commerce assigned the companies not selected for individual examination a subsidy rate equal to the net subsidy rate calculated for ATC, which was 2.17 percent *ad valorem*.

## COUNT I

21. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20 above.

22. Commerce's decision that BKT did not use or benefit from the AAS program during the period of review is not supported by substantial evidence and not in accordance with law. Specifically, Commerce's interpretation of 19 C.F.R. § 351.519(a)(4) to permit a *post hoc*, incomplete, and cursory examination performed by the GOI after the period of review and solely for the purpose of the review to satisfy the requirement of an adequate procedure to check consumption ratios and wastage rates calculated by BKT is unreasonable, unlawful, and not supported by substantial evidence.

## COUNT II

23. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22 above.

24. As a result of the error set out in Count I above, Commerce's final subsidy rates for BKT and the companies not selected for individual examination are unsupported by substantial evidence and not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff;

    2.      Hold that Commerce's *Final Results* are not in accordance with law and are not supported by substantial record evidence with respect to the claims advanced by Plaintiff in this Complaint;

    3.      Remand the *Final Results* to Commerce for disposition consistent with the Court's final opinion; and

    4.      Provide any other such relief that this Court deems just and appropriate.

Dated: November 28, 2023

*/s/ Jennifer M. Smith-Veluz*
Adam H. Gordon, Esq.
Jennifer M. Smith-Veluz, Esq.
Benjamin J. Bay, Esq.

**THE BRISTOL GROUP PLLC**
1707 L Street, NW
Suite 570
Washington, D.C. 20036
Email: jennifer.smith@bristolgrouplaw.com
Tel.: (202) 991-2705

*Counsel to Titan Tire Corporation*

## CERTIFICATE OF SERVICE

I, Jennifer M. Smith-Veluz, hereby certify that on November 28, 2023, I caused the foregoing Complaint to be served on the following parties by the United States mail, certified, return receipt requested, postage prepaid, pursuant to USCIT Rule 3(f).

**ON BEHALF OF THE UNITED STATES:**

Attorney-in-Charge
International Trade Field Office
Department of Justice
Civil Division Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Director of Commercial Litigation Branch
Civil Division,
U.S. Department of Justice
Room 12124
1100 L Street, N.W.
Washington, D.C. 20530

Brittany M. Welch
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, D.C. 20044

**ON BEHALF OF THE U.S. DEPARTMENT OF COMMERCE:**

General Counsel
U.S. Department of Commerce
14th Street and Constitution Avenue, NW
Washington, DC 20230

**ON BEHALF OF THE INTERESTED PARTIES IN THE COUNTERVAILING DUTY ADMINISTRATIVE REVIEW:**

Representative of Balkrishna Industries Ltd.:
John M. Gurley
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006

Representative ATC Tires Private Limited and Yokohama Off-Highway Tires America, Inc.:
Eric Emerson
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

<u>Representative of the Embassy of India:</u>
Shruti Chopra
**Embassy of India**
Commerce Wing
2536 Massachusetts Avenue, NW
Washington, DC 20008

<u>Representative of the Government of India:</u>
Anu Monga
**Anant Law**
A-2/2, Vasant Vihar
New Delhi, India 110057

<u>Representative of TVS Srichakra Limited:</u>
A.K. Gupta
**TPM, Solicitors & Consultants**
J-209, Saket
New Delhi, India

*/s/ Jennifer M. Smith-Veluz*
Jennifer M. Smith-Veluz
**THE BRISTOL GROUP PLLC**
*Counsel to Titan Tire Corporation*