# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| TITAN TIRE CORPORATION, | ) |
| *Plaintiff,* | ) **NON-CONFIDENTIAL VERSION** |
| v. | ) |
| THE UNITED STATES, | ) Court No. 23-233 |
| *Defendant*, | ) Confidential Business Proprietary Information Deleted from Pages: 3, 7 & 8. |
| and | ) |
| BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA, | ) |
| *Defendant-Intervenors.* | ) |

# DEFENDANT-INTERVENOR BALKRISHNA INDUSTRIES LIMITED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

John M. Gurley
William Stroupe II
Tyler Kimberly

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 857-6301

February 13, 2025

*Counsel for Balkrishna Industries Limited*

AFSDOCS:301612518.1

**TABLE OF CONTENTS**                         **Page**

I. Statement Pursuant to USCIT Rule 56.2 ................................................................... 2

    A. Administrative Determination Under Review ......................................................... 2

    B. Issues Presented ........................................................................................................ 2

II. SUMMARY OF THE ARGUMENT .................................................................................. 3

III. Standard of Review ........................................................................................................ 4

IV. ARGUMENT ................................................................................................................... 4

    A. Plaintiff's Proposed Interpretation of 19 C.F.R. § 351.519(a)(4)(ii) Contravenes the Plain Language of the Regulation ................................................. 5

    B. Commerce's Reliance on the Audit Report is Supported by Substantial Evidence ................................................................................................................... 9

V. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Consol. Edison Co. v. NLRB*,
  305 U.S. 197 (1938) .................................................................................................................4

*Downhole Pipe & Equip., L.P. v. United States*,
  776 F.3d 1369 (Fed. Cir. 2015) ...............................................................................................10

*Frazier v. McDonough*,
  66 F.4th 1353 (Fed. Cir. 2023) ..................................................................................................6

*Kisor v. Wilkie*,
  588 U.S. 558 (2019) ................................................................................................................4, 6

*Love v. McDonough*,
  106 F.4th 1361 (Fed. Cir. 2024) ................................................................................................6

*Nippon Steel Corp. v. United States*,
  337 F.3d 1373 (Fed. Cir. 2003) ...............................................................................................10

*Risen Energy Co. v. United States*,
  122 F.4th 1348 (Fed. Cir. 2024) ........................................................................................10, 11

*Universal Camera Corp. v. NLRB*,
  340 U.S. 474 (1951) .................................................................................................................10

*Yangzhou Bestpak Gifts & Crafts Co. v. United States*,
  716 F.3d 1370 (Fed. Cir. 2013) ........................................................................................10, 11

*Zhejiang DunAn Hetian Metal Co. v. United States*,
  652 F.3d 1333 (Fed. Cir. 2011) ...............................................................................................10

**Federal Statutes**

19 U.S.C. § 1516a(b)(1)(B) ............................................................................................................4

**Regulations**

19 C.F.R. § 351.518(a)(4) ...............................................................................................................8

19 C.F.R. § 351.519(a)(4) ....................................................................................................5, 6, 6

19 C.F.R. § 351.519(a)(4)(ii) ................................................................................................ *passim*

*Countervailing Duties*,
　63 Fed. Reg. 65348, 65383–85 (Dep't Commerce Nov. 25, 1998) (final rule) ....................5, 8

**Administrative Determinations**

*Certain New Pneumatic Off-the-Road Tires From India*,
　88 Fed. Reg. 68101 (Dep't Commerce Oct. 3, 2023) (final CVD results;
　2021)*,* and accompanying Issues & Decision Memorandum ......................................... *passim*

*Certain New Pneumatic Off-the-Road Tires From India*,
　88 Fed. Reg. 82828 (Dep't Commerce Nov. 27, 2023) (notice of correction &
　amended final results; 2021), and accompanying Am. Issues and Decision
　Memorandum (Analysis of Ministerial Errors Allegations) ......................................................2

**Other Authorities**

*Actual*, Merriam-Webster Dictionary, https://www.merriam-
　webster.com/dictionary/actual (last visited Feb. 12, 2025) .......................................................7

*Confirm, Merriam-Webster Dictionary*, https://www.merriam-
　webster.com/dictionary/confirm (last visited Feb. 12, 2025) ....................................................7

*Examine*, *Merriam-Webster Dictionary*, https://www.merriam-
　webster.com/dictionary/examined (last visited Feb. 12, 2025) .................................................6

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| TITAN TIRE CORPORATION, | **NON-CONFIDENTIAL VERSION** |
| *Plaintiff,* | |
| v. | |
| THE UNITED STATES, | Court No. 23-233 |
| *Defendant*, | Confidential Business Proprietary Information Deleted from Pages: 3, 7 & 8. |
| and | |
| BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA, | |
| *Defendant-Intervenors.* | |

**DEFENDANT-INTERVENOR BALKRISHNA INDUSTRIES LIMITED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade ("USCIT Rules"), and in accordance with this Court's scheduling order entered in this action, *see* Scheduling Order (Feb. 7, 2024), ECF No. 37,[1] Defendant-Intervenor Balkrishna Industries Limited ("BKT") respectfully submits this response brief in opposition to Plaintiff's Motion for

---

[1] BKT agrees with the explanations and defenses of the U.S. Department of Commerce's ("Commerce") decision in this matter, as presented by the Defendant, the United States ("Defendant"). Def.'s Resp. to Pl.'s Mot. for J. on the Agency Record (Jan. 6, 2025), ECF. Nos. 62, 63 ("Def. Br."). To minimize repetition, BKT incorporates by reference the issues presented for review, the statement of the facts, and the arguments as presented in Defendant's response brief. *See* Def. Br. For the additional reasons provided below, and those reasons discussed in Defendant's Brief, BKT requests that this Court sustain Commerce's decision in this case, and reject Plaintiff Titan Tire Corporation's ("Plaintiff") arguments.

Judgment on the Agency Record.  *See* Br. in Supp. of the R. 56.2 Mot. for J. on the Agency Record of Pl. Titan Tire Corporation (Sept. 9, 2024, deemed filed on Jan. 3, 2025), ECF Nos. 60, 61 ("Pl. Br.").

I.   **STATEMENT PURSUANT TO USCIT RULE 56.2**

   A.   **Administrative Determination Under Review**

This appeal arises from Commerce's final determination in the 2021 countervailing duty administrative review of certain new pneumatic off-the-road tires from India.  *See Certain New Pneumatic Off-the-Road Tires From India*, 88 Fed. Reg. 68101 (Dep't Commerce Oct. 3, 2023) (final CVD results; 2021) ("*Final Results*"), P.R. 268, and accompanying Issues and Decision Memorandum, P.R. 267 ("I&D Mem."), as amended by *Certain New Pneumatic Off-the-Road Tires From India*, 88 Fed. Reg. 82828 (Dep't Commerce Nov. 27, 2023) (notice of correction & amended final results; 2021) ("*Am. Final Results*"), P.R. 281, and accompanying Am. Issues and Decision Memorandum (Analysis of Ministerial Errors Allegations), P.R. 280.[2]  The period of review ("POR") is January 1, 2021 through December 31, 2021.  Commerce's findings were published in the *Federal Register* on October 3, 2023, and its *Amended Final Results* were published on November 27, 2023.

   B.   **Issues Presented**

   1.   Whether Commerce's decision that the verification report on BKT's use of the Advance Authorization Scheme ("AAS"), *see* Letter from Anant Law to Sec. Raimondo, re: Response to Countervailing Duty Questionnaire on behalf of Government of India at Exh. AAS 1 (Oct. 13, 2022), C.R. 77, P.R. 81 ("Audit Report"), was "an examination of the actual inputs . . . are consumed in the production of the exported products, and in what

---

[2] Citations to the public record ("P.R.") and confidential record ("C.R.") refer to the record of the countervailing duty review, as submitted to the Court.  *See* Public Index to Admin. Record (Jan. 8, 2024), ECF No. 32-1; Confidential Index to Admin. Record (Jan. 8, 2024), ECF No. 32-2.

2

    amounts" constitutes a lawful interpretation of 19 C.F.R. § 351.519(a)(4)(ii).

  2. Whether Commerce's finding that the Government of India ("GOI") through the Directorate General of Foreign Trade ("DGFT") carried out the type of examination described in 19 C.F.R. § 351.519(a)(4)(ii) is supported by substantial evidence.

## II. SUMMARY OF THE ARGUMENT

Relevant to the discussion in this Brief, Plaintiff urges the Court to reverse and remand Commerce's finding that BKT did not benefit from the AAS. Pl. Br. at 11-15. Plaintiff criticizes Commerce's reliance on the Audit Report to support this finding because, in Plaintiff's view: (1) the Audit Report does not amount to an examination under 19 C.F.R. § 351.519(a)(4)(ii), *id.* at 13; and (2) the GOI and BKT improperly colluded in the creation of the Audit Report, such that it is not reliable. *Id.* at 14. These arguments are not persuasive.

First, Plaintiff claims that Commerce contravened the plain language of 19 C.F.R. § 351.519(a)(4)(ii) when it relied on the Audit Report. According to Plaintiff, section 351.519(a)(4)(ii) requires the government in question (here, the GOI) to calculate and determine the consumption and wastage figures, not just to verify the information reported by the respondent. Plaintiff argues that the GOI did not satisfy this requirement because the GOI only [          ]. *Id.* at 13.

The problem with Plaintiff's position, as Defendant points out, is that Plaintiff failed to exhaust this argument before Commerce. *See* Def. Br. at 10–12. Thus, the Court should reject Plaintiff's argument on that basis alone. However, should the Court proceed to the merits of Plaintiff's argument, the Court should find that Plaintiff's interpretation of the regulation is incorrect. The plain language, the purpose, and the history of section 351.519(a)(4)(ii) establish that the government in question performs the requisite examination when it reviews the accuracy of information submitted by the respondent in the manner that the GOI conducted the

3

verification of BKT.

Second, the Court should reject Plaintiff's baseless assertions that the Audit Report is unreliable. Commerce considered this argument and provided ample support for its decision that the Audit Report is reliable. Moreover, Plaintiff has not offered any evidence undermining the accuracy and reliability of the Audit Report—its argument is based on pure speculation. Accordingly, the Court should sustain Commerce's finding that the Audit Report was reliable.

### III.    STANDARD OF REVIEW

In reviewing Commerce's determinations in administrative reviews of countervailing duty orders, the Court will "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record." 19 U.S.C. § 1516a(b)(1)(B). Substantial evidence means such evidence that "a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The second component of the standard of review is that Commerce's determination cannot be affirmed if it is "otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B). Relevant to this discussion, the "in accordance with law" standard requires that Commerce's action be consistent with valid regulations implementing the statute. *See generally Kisor v. Wilkie*, 588 U.S. 558 (2019).

### IV.    ARGUMENT

As discussed below, Plaintiff contests Commerce's reliance on the Audit Report in finding that BKT did not benefit from the AAS during the POR. First, Plaintiff argues that Commerce's reliance on the Audit Report is inconsistent with the plain language of the regulation. According to Plaintiff, the text requires the government in question (the GOI) to calculate the "consumption ratios and . . . wastage rates." Pl. Br. at 12 ("{T}he plain language of the regulation explicitly requires that the <u>government</u> itself must conduct the examination." *Id.* at 11 (emphasis in original)); *see generally* 19 C.F.R. § 351.519(a)(4)(ii). Plaintiff asserts that

4

because DGFT verified, but did not calculate the relevant figures itself, the Audit Report cannot satisfy the requirement of 19 C.F.R. § 351.519(a)(4)(ii). Pl. Br. at 12. As explained below, Plaintiff's position misconstrues the regulation and ignores the regulation's purpose and history. *See Countervailing Duties*, 63 Fed. Reg. 65348, 65383–85 (Dep't Commerce Nov. 25, 1998) (final rule) ("*Preamble*"). Consequently, the Court should reject Plaintiff's argument that Commerce acted contrary to the plain language of 19 C.F.R. § 351.519(a)(4)(ii).

Second, Plaintiff attacks the weight that Commerce assigned to the Audit Report. Plaintiff implies that GOI and BKT colluded to create the Audit Report, such that the information in the report is unreliable. *See* Pl. Br. at 14 ("Commerce has signaled that a foreign company and its government can cooperate to eliminate the potential for a subsidy rate under 19 C.F.R. § 351.519(a)(4) simply by arranging a nominal *post hoc* verification for purposes of a CVD investigation or review, as BKT and the GOI did here."). There is *no* evidence (much less substantial evidence) suggesting that BKT and the GOI acted inappropriately to create a conclusion-driven report. To the contrary, Commerce examined the record and provided support for its position that there was no "evidence that anything unusual or suspicion has taken place." I&D Mem. at 19, P.R. 267. Accordingly, the Court should sustain Commerce's reliance on the Audit Report.

> **A.** **Plaintiff's Proposed Interpretation of 19 C.F.R. § 351.519(a)(4)(ii) Contravenes the Plain Language of the Regulation**

Plaintiff avers that the Audit Report cannot serve as a basis for finding that the AAS did not confer a benefit to BKT because the regulatory text requires that the GOI itself calculate consumption ratios and determine wastage rates, whereas here, the DGFT reviewed and probed the information provided by BKT. *See* Pl. Br. at 11–13. The regulation places no such requirement on the examination.

5

In construing a regulation, the Court should "first look to the language of the regulation itself to determine its plain meaning." *Love v. McDonough*, 106 F.4th 1361, 1368 (Fed. Cir. 2024) (citing *Frazier v. McDonough*, 66 F.4th 1353, 1357 (Fed. Cir. 2023)).  The Court should also "carefully consider the . . . structure, history, and purpose of a regulation when determining its meaning." *Id*. (quoting *Kisor*, 588 U.S. at 559).

The text of the regulation provides that Commerce:

> (4) . . . will consider the entire amount of an exemption, deferral, remission or drawback to confer a benefit, unless {Commerce} determines that . . .
>
>   (ii) If the government in question does not have a system or procedure in place, if the system or procedure is not reasonable, or if the system or procedure is instituted and considered reasonable, but is found not to be applied or not to be applied effectively, the government in question has carried out an examination of actual inputs involved to confirm which inputs are consumed in the production of the exported product, and in what amounts.

19 C.F.R. § 351.519(a)(4).  Plaintiff focuses on the words "examination" and "actual" in this provision.  *See* Pl. Br. at 11–12.  According to Plaintiff, the definitions of these words "and common sense" establish that "an examination under 19 C.F.R. § 351.519(a)(4)(ii) must be substantively meaningful," and requires the government in question to provide its *own* calculations and determinations to Commerce to satisfy the regulatory requirement.  *Id.* at 12.  But Plaintiff never connects these definitions to its interpretation of the regulation.  Even accepting Plaintiff's definitions of the relevant terms, 19 C.F.R. § 351.519(a)(4)(ii) does not prohibit the government in question from performing an examination that "test{s} the condition of" or "inquir{es} carefully" into the information submitted by a respondent.  *Id.* (quoting *Examine*, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/examined (last visited Feb. 12, 2025)).  Similarly, Plaintiff does not offer any reason to believe that a government's verification of a respondent's information concerning consumption and wastage of

6

inputs is not a verification of "fact{s} or reality." *Id.* (quoting *Actual*, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/actual (last visited Feb. 12, 2025)). In short, even if the Court accepts the definitions of the terms offered by Plaintiff, the text of the regulation would still not require the government in question to conduct its own calculations and determinations, much less submit those underlying calculations to Commerce.

In fact, the text of the regulation is best understood as permitting Commerce to rely on the type of report submitted by the DGFT. Specifically, the regulation requires the government in question to conduct an examination to "*confirm* which inputs are consumed in the production of the exported product, and in what amounts." 19 C.F.R. § 351.519(a)(4)(ii) (emphasis added). The word "confirm" is key.

To "confirm" means "to give new assurance of the validity of: remove doubt about by authoritative act or indisputable fact." *Confirm, Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/confirm (last visited Feb. 12, 2025). One gives assurance of validity by examining information that is already presented. Similarly, one can only remove doubt about a fact if there is a fact under consideration. An examination to confirm information does not require the examiner to produce new information—it only requires that the information already provided be reviewed for accuracy. Thus, the GOI was only required to confirm the accuracy of the information provided by BKT, and it did so,[3] as Commerce

---

[3] Specifically, the DGFT reviewed [                              ]. Audit Report ¶ 4, C.R. 77, P.R. 81. BKT also demonstrated to the DGFT [                                                        ] and the [

explained in its decision. *See* I&D Mem. at 18–20, P.R. 267.

This construction of the regulation is confirmed by its history and purpose, as provided in the *Preamble*. The *Preamble* explains that 19 C.F.R. § 351.519(a)(4) "is essentially identical to § 351.518(a)(4)." *Preamble*, 64 Fed. Reg. at 65384. Section 351.518(a)(4) deals with an exemption, remission, or rebate upon export of indirect taxes. *Id*. Specifically, the *Preamble* explains that the government in question (for purposes of determining the benefit conferred by a reduction in taxes on the imported goods):

> may examine the actual inputs involved to demonstrate that the exemption, remission or deferral of indirect taxes reflects only those inputs consumed in the production of the exported product, the quantity of those inputs consumed in production, including a normal allowance for waste, and only those indirect taxes imposed on the input product.

*Preamble*, 64 Fed. Reg. at 65384 (explaining the purpose of 19 C.F.R. § 351.518(a)(4)). Applying this reasoning to 19 C.F.R. § 351.519(a)(4)(ii)—as directed by the *Preamble*—the relevant consideration is whether the examination by the government in question *demonstrates* that the amount of the exemption, deferral, remission, or drawback reflects only those inputs consumed in the production of the export product. Nothing in the *Preamble* requires that the demonstration take place in a particular way, such as by redoing the calculations and determinations already performed by the respondent. Rather, the demonstration is sufficient if it establishes that the exemption, deferral, remission or drawback amount reported by the

---

]. *Id.* ¶¶ 6–7. The DGFT found that [
]. *Id.* ¶ 8. The Audit Reports details BKT's [
]. *Id.* ¶ 9. The DGF concluded that [

]. *Id.* ¶ 10.

8

respondent corresponds to (or "reflects") the inputs consumed in the production of the export product.  Commerce explained that the Audit Report made the requisite demonstration.  *See* I&D Mem. at 20, P.R. 267 ("{G}iven the adequacy of the GOI's verification report and the numerous other documents provided by the GOI and BKT demonstrating the GOI has scrutinized BKT's information in a manner consistent with 19 CFR 351.519(a)(4)(ii), we continue to conclude the program was not used by BKT during the POR . . . .").

Finally, common sense and practice by the GOI (and U.S. Customs and Border Protection for that matter) dictate that any "examination" by the GOI or a similar authority is an examination of the documents and calculations already made by the party under examination. It surpasses the bounds of reason to propose that the DGFT or similar government authorities in other countries should undertake an examination that entails taking all of a respondents' raw information (potentially thousands of pages of documents and production records) and create its own calculations. Such an "examination" would necessarily take a large team weeks, or even months, to perform.

Therefore, Plaintiff's proffered interpretation of the 19 C.F.R. § 351.519(a)(4)(ii) is inconsistent with the regulation's text, history, and purpose.  The Court should reject Plaintiff's interpretation.

      **B.**    **Commerce's Reliance on the Audit Report is Supported by Substantial Evidence**

Next, Plaintiff heavily implies that Commerce's finding that the Audit Report satisfies the requirements of 19 C.F.R. § 351.519(a)(4)(ii) is not supported by substantial evidence because the GOI and BKT cooperated in the "creation" of the report, rendering the report unreliable.  *See* Pl. Br. at 14–15.  This argument is meritless.  The record lacks any indication that the GOI and BKT improperly colluded in the creation of the Audit Report.  Moreover,

Commerce's decision that the GOI carried out an examination "in accordance with 19 CFR 351.519(a)(4)(ii)" is supported by substantial evidence. I&D Mem. at 18, P.R. 267. Therefore, the Court should disregard Plaintiff's innuendo.

The substantial evidence standard requires that Commerce support its decision with "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zhejiang DunAn Hetian Metal Co. v. United States*, 652 F.3d 1333, 1340 (Fed. Cir. 2011) (quoting *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1379 (Fed. Cir. 2003)). This means that Commerce must support its decision with more than a mere scintilla of evidence. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951). It is well established that "{s}peculation and guesswork are not substitutes for substantial evidence." *Risen Energy Co. v. United States*, 122 F.4th 1348, 1356 (Fed. Cir. 2024); *see also Yangzhou Bestpak Gifts & Crafts Co. v. United States*, 716 F.3d 1370, 1378 (Fed. Cir. 2013).

Commerce addressed Plaintiff's argument that the Audit Report was unreliable in its decision. *See* I&D Mem. at 19, P.R. 267. As already discussed in greater detail in Defendant's response, Commerce examined multiple exhibits relating to the GOI's audit of BKT rebuffing Plaintiff's argument and concluded "that BKT's request to be audited – despite being made for purposes of this CVD review – is {not} evidence that anything unusual or suspicious has taken place." *Id.*; *see also id.* at 19 & nn.64–67 (citing record evidence demonstrating the reliability of Audit Report); Def. Br. at 16–17. In addition to its factual inaccuracy as addressed by Defendant, Plaintiff's argument before the Court is nothing more than an invitation to reweigh the evidence that Commerce already considered—something the "court may not do." *Downhole Pipe & Equip., L.P. v. United States*, 776 F.3d 1369, 1376 (Fed. Cir. 2015).

The only evidence of "cooperation" that Plaintiff points to is the fact that BKT requested that the GOI conduct the audit for the purpose of the instant administrative review. *See* Pl. Br. at 14. This assertion is nothing more than speculation, which cannot supplant the evidence on which Commerce relied in rejecting Plaintiff's argument. *See Risen*, 122 F.4th at 1356; *Yangzhou Bestpak*, 716 F.3d at 1378. Additionally, there is nothing surprising about a respondent specifically requesting an examination as described in 19 C.F.R. § 351.519(a)(4)(ii). Subsection (4)(ii) applies when the government in question is alleged to lack a reasonable or effective "system or procedure to confirm which inputs are consumed in the production of the exported products." 19 C.F.R. § 351.519(a)(4)(ii). While BKT disagrees that the GOI does not have a regular or effective system or procedure in place to verify the AAS program, Commerce has previously arrived at a different conclusion. BKT's request to be examined is thus entirely reasonable given that the regulations expressly provide for an alternative avenue to demonstrate that an exemption, deferral, remission or drawback of import charges does not confer a countervailable benefit, which is applicable to this very scenario. Plaintiff's view would risk reading 19 C.F.R. § 351.519(a)(4)(ii) out of the regulations altogether. Therefore, the Court should reject Plaintiff's contention that BKT's request for an audit renders the Audit Report unreliable.

## V. CONCLUSION

For the reasons described above and in Defendant's Response Brief, we respectfully request that the Court sustain Commerce's *Final Results*, as amended by the *Amended Final Results*.

    Respectfully submitted,

    **/s/ John M. Gurley**
    John M. Gurley
    William Stroupe II
    Tyler Kimberly

    ArentFox Schiff LLP
    1717 K Street, NW
    Washington, DC  20006
    Tel: (202) 857-6301

February 13, 2025    *Counsel for Balkrishna Industries Limited*

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's Standard Chamber Procedure 2(b)(1) and the Court's Scheduling Order of February 7, 2024, the undersigned certifies that Defendant-Intervenor's Response Brief filed on February 13, 2025, complies with the word limitation requirement. The word count for Defendant-Intervenor's Response Brief, as computed by ArentFox Schiff LLP's word processing system is 3,298.


 **/s/ John M. Gurley**
John M. Gurley