**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| TITAN TIRE CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*,<br><br>and<br><br>BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA,<br><br>*Defendant-Intervenors.* | **NON-CONFIDENTIAL VERSION**<br><br>Court No. 23-233<br><br>Confidential Business Proprietary Information Deleted from Pages: 4, 7 & 8. |

**DEFENDANT-INTERVENOR GOVERNMENT OF INDIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

John M. Gurley
William Stroupe II
Tyler Kimberly

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6301

February 13, 2025

*Counsel for the Government of India*

## TABLE OF CONTENTS

Page

I. STATEMENT PURSUANT TO USCIT RULE 56.2 .... 2
  A. Administrative Determination Under Review .... 2
  B. Issue Presented .... 3
II. SUMMARY OF THE ARGUMENT .... 3
III. STANDARD OF REVIEW .... 4
IV. ARGUMENT .... 5
V. CONCLUSION .... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**


*Consol. Edison Co. v. NLRB*,
305 U.S. 197 (1938) .....5

*Risen Energy Co. v. United States*,
122 F.4th 1348 (Fed. Cir. 2024) .....5, 6

*Universal Camera Corp. v. NLRB*,
340 U.S. 474 (1951) .....5

*Yangzhou Bestpak Gifts & Crafts Co. v. United States*,
716 F.3d 1370 (Fed. Cir. 2013) .....7


**Federal Statutes**


19 U.S.C. § 1516a(b)(1)(B) .....4


**Regulations**


19 C.F.R. § 351.519(a)(4)(i) .....5

19 C.F.R. § 351.519(a)(4)(ii) .....3, 5, 7, 8


**Other Authorities**


*Countervailing Duty Investigation of Certain New Pneumatic Off-the-Road Tires From India*,
82 Fed. Reg. 2946 (Dep't Commerce Jan. 10, 2017) (final aff. determ. and critical circum. determ., in part), and accompanying Issues and Decision Memorandum .....5

*Certain New Pneumatic Off-the-Road Tires From India*,
88 Fed. Reg. 20125 (Dep't Commerce Apr. 5, 2023) (prelim. CVD results; 2021), and accompanying Preliminary Decision Memorandum .....6

*See Certain New Pneumatic Off-the-Road Tires From India*,
88 Fed. Reg. 68101 (Dep't Commerce Oct. 3, 2023) (final CVD results; 2021), and accompanying Issues and Decision Memorandum .....2, 7, 8

*Certain New Pneumatic Off-the-Road Tires From India*,
88 Fed. Reg. 82828 (Dep't Commerce Nov. 27, 2023) (notice of correction & amended final results; 2021), and accompanying Am. Issues and Decision Memorandum (Analysis of Ministerial Errors Allegations) .....2

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| TITAN TIRE CORPORATION,<br>*Plaintiff,*<br>v.<br>THE UNITED STATES,<br>*Defendant*,<br>and<br>BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA,<br>*Defendant-Intervenors.* | **NON-CONFIDENTIAL VERSION**<br><br>Court No. 23-233<br><br>Confidential Business Proprietary Information Deleted from Pages: 4, 7 & 8. |

**DEFENDANT-INTERVENOR GOVERNMENT OF INDIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, and in accordance with this Court's scheduling order entered in this action, *see* Scheduling Order (Feb. 7, 2024), ECF No. 37, Defendant-Intervenor the Government of India ("GOI") respectfully submits this response in opposition to Plaintiff's Motion for Judgment on the Agency Record. *See* Br. in Supp. of the R. 56.2 Mot. for J. on the Agency Record of Pl. Titan Tire Corporation (Sept. 9, 2024, deemed filed on Jan. 3, 2025), ECF Nos. 60, 61.[1]

[1] GOI agrees with the explanations and defenses of the U.S. Department of Commerce's ("Commerce") decision in this matter, as presented by the Defendant, the United States

## I. STATEMENT PURSUANT TO USCIT RULE 56.2

### A. Administrative Determination Under Review

This appeal arises from Commerce's final determination in the 2021 countervailing duty administrative review of certain new pneumatic off-the-road tires from India. *See Certain New Pneumatic Off-the-Road Tires From India*, 88 Fed. Reg. 68101 (Dep't Commerce Oct. 3, 2023) (final CVD results; 2021) ("*Final Results*"), P.R. 268, and accompanying Issues and Decision Memorandum, P.R. 267 ("I&D Mem."), as amended by *Certain New Pneumatic Off-the-Road Tires From India*, 88 Fed. Reg. 82828 (Dep't Commerce Nov. 27, 2023) (notice of correction & amended final results; 2021) ("*Am. Final Results*"), P.R. 281, and accompanying Am. Issues and Decision Memorandum (Analysis of Ministerial Errors Allegations), P.R. 280.[2] The period of review ("POR") is January 1, 2021 through December 31, 2021. Commerce's findings were published in the *Federal Register* on October 3, 2023, and its *Amended Final Results* were published on November 27, 2023.

---

("Defendant"), *see* Def.'s Resp. to Pl.'s Mot. for J. on the Agency Record (Jan. 6, 2025), ECF. Nos. 62, 63 ("Def. Br."), and Defendant-Intervenor Balkrishna Industries Limited ("BKT"). Thus, to minimize repetition, the GOI incorporates by reference the issues presented for review, the statement of facts, and the arguments presented in Defendant's Brief and BKT's Brief. For the additional reasons provided below, and those reasons discussed in Defendant's Brief and BKT's Brief, the GOI requests that this Court sustain Commerce's decision in this case, and reject Plaintiff Titan Tire Corporation's ("Plaintiff") arguments.

[2] Citations to the public record ("P.R.") and confidential record ("C.R.") refer to the record of the countervailing duty review, as submitted to the Court. *See* Public Index to Admin. Record (Jan. 8, 2024), ECF No. 32-1; Confidential Index to Admin. Record (Jan. 8, 2024), ECF No. 32-2.

### B. Issue Presented

Whether Commerce's finding that the GOI, through the Directorate General of Foreign Trade ("DGFT"), conducted an examination that satisfies that requirement of 19 C.F.R. § 351.519(a)(4)(ii), such that Commerce's decision that BKT did not benefit from the Advance Authorization Scheme ("AAS") is supported by substantial evidence. *See* Letter from Anant Law to Sec. Raimondo, re: Response to Countervailing Duty Questionnaire on behalf of Government of India at Exh. AAS 1 ("Audit Report") (Oct. 13, 2022), C.R. 77, P.R. 81 ("GOI IQR").

## II. SUMMARY OF THE ARGUMENT

Plaintiff implies that the GOI and BKT acted inappropriately and somehow manipulated the Audit Report, such that the Court should reject Commerce's finding that BKT did not benefit from the AAS as unsupported by substantial evidence.

This argument has no basis in fact and should be rejected. First, as the GOI has explained, it maintains a robust and reasonable process that verifies "which inputs are consumed in the production of the exported products and in what amounts." Letter from Anant Law to Sec. Raimondo, re: Response to Supplemental Questionnaire (Attachment – 1) and New Subsidy Allegations (Attachment – 2) issued under Barcode: 4333202–01 on behalf of the Government of India at 14 (Feb. 16, 2023), C.R. 187, P.R. 184, ("GOI SQR"). Thus, there was never any reason for Commerce or Plaintiff to doubt the fact that BKT had not benefited from the AAS and conduct the audit at issue.

Second, as Commerce found, there is no evidence that the GOI and BKT coordinated in any way that would render the Audit Report unreliable. To the contrary, there is ample evidence

on the record the DGFT conducted a thorough and rigorous examination of BKT's use of the AAS.

Plaintiff further argues that Commerce's conclusion was not supported by substantial evidence because the verification conducted by DGFT was "incomplete" and the resulting Audit Report was "cursory." Pl. Br. at 14. This argument likewise has no basis in fact. The implication that the verification was incomplete because [ ] is directly contradicted by the Audit Report, which makes it clear that the verification was for purposes of [ ]

Moreover, the Audit Report is not "cursory," as Plaintiff alleges. The Audit Report explains at length the measures undertaken by the DGFT to verify the information submitted by BKT, including an on-site verification. *See* Audit Report ¶¶ 2, 9, 10, C.R. 77, P.R. 81. Other documents demonstrate that the GOI employed effective measures to obtain information from BKT on its use of the AAS, including requests for payment of duties for imports that were not consumed in producing products for export and deficiency letters. The Audit Report represents measures over and above what was necessary to demonstrate that BKT did not benefit from the AAS, and Plaintiff's suggestions to the contrary should be rejected.

## III. STANDARD OF REVIEW

In reviewing Commerce's determinations in administrative reviews of countervailing duty orders, the Court will "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record." 19 U.S.C. § 1516a(b)(1)(B). Substantial evidence means such evidence that "a reasonable mind might accept as adequate to support a

conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Commerce must support its decision with more than a mere scintilla of evidence, *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951), and may not rely on "{s}peculation and guesswork," *Risen Energy Co. v. United States*, 122 F.4th 1348, 1356 (Fed. Cir. 2024).

## IV. ARGUMENT

The Audit Report was not necessary to establish that BKT did not benefit from the AAS because the regular system for verifying BKT's use of the AAS was sufficient to satisfy 19 C.F.R. § 351.519(a)(4)(i). Consequently, GOI's audit of BKT exceeds what the regulations require such that Plaintiff's arguments attacking the reliability of the Audit Report are baseless. *Contra* Pl. Br. at 14–15.

Commerce's regulations provide, in relevant part, that:

> (4) . . . {Commerce} will consider the entire amount of an exemption, deferral, remission or drawback to confer a benefit, unless {Commerce} determines that: . . .
>
> (i) The government in question has in place and applies a system or procedure to confirm which inputs are consumed in the production of the exported products and in what amounts, and the system or procedure is reasonable, effective for the purposes intended, and is based on generally accepted commercial practices in the country of export . . . .

19 C.F.R. § 351.519(a)(4)(i). Further examination of a respondent's usage of a program (*e.g.*, the GOI's verification as summarized in the Audit Report) is only necessary when "the government in question does not have a system or procedure," as referred to in subsection (4)(i). *See* 19 C.F.R. § 351.519(a)(4)(ii).

In the underlying investigation, Commerce determined that the GOI's normal procedures did not satisfy this requirement. *See Countervailing Duty Investigation of Certain New*

*Pneumatic Off-the-Road Tires From India*, 82 Fed. Reg. 2946 (Dep't Commerce Jan. 10, 2017) (final aff. determ. and critical circum. determ., in part), and accompanying Issues and Decision Memorandum at 28–30. And while Commerce cited its investigation finding in the preliminary results for this review, *see Certain New Pneumatic Off-the-Road Tires From India*, 88 Fed. Reg. 20125 (Dep't Commerce Apr. 5, 2023) (prelim. CVD results; 2021), P.R. 233, and accompanying Preliminary Decision Memorandum at 18–19 & n.88, P.R. 229, it did not make any affirmative finding in the instant Annual Review that the GOI's normal procedures were inadequate. The GOI therefore submits that there was no reason for Commerce to resort to subsection (4)(ii) to determine that BKT did not benefit from the AAS and further submits that the normal procedure and the separate verification are therefore mutually corroborating of Commerce's determination that BKT received no countervailable benefit. Commerce's reliance on the Audit Report resulting from GOI's thorough examination of BKT (at BKT's own request) in finding that BKT did not receive a countervailable benefit from the AAS simply corroborates the reliability of GOI's regular verification process and of BKT's normal reporting procedures, and vice versa. Put simply, the GOI believes either the normal procedure or the separate verification is adequate to demonstrate that BKT did not receive a countervailable benefit from the AAS. The GOI's normal practices and the separate verification and Audit Report together provide layers of certainty that can leave no doubt that BKT did not benefit from the AAS, and Plaintiff's arguments to the contrary should be rejected.

The Court should also reject Plaintiff's suggestion that the Audit Report is unreliable because the GOI and BKT inappropriately cooperated in its development. Again, speculation and supposition cannot substitute for substantial evidence. *Risen Energy*, 122 F.4th at 1356; *see*

*also Yangzhou Bestpak Gifts & Crafts Co. v. United States*, 716 F.3d 1370, 1378 (Fed. Cir. 2013). There is no record evidence even suggesting that the GOI and BKT colluded to develop and issue the Audit Report. Commerce convincingly rejected this argument, citing record evidence in support of its conclusion. *See* I&D Mem. at 19–20, P.R. 267; *see also* GOI IQR, Exhs. AAS-2 to AAS-5, C.R. 78-81, P.R. 82-85.

Further, the Court should reject Plaintiff's view that the Audit Report and the underlying verification were "cursory" and that the verification process was "incomplete." Pl. Br. at 3. The record demonstrates that the DGFT conducted a robust examination of BKT's records and practices to conclude that BKT had accurately reported the inputs consumed in the exported product and in what amounts. Notably, the examination was in two parts. As explained in the Audit Report, the DGFT first conducted an electronic examination that entailed [

] and [ ]. *See, e.g.* Audit Report ¶¶ 4–5, C.R. 77, P.R. 81. The electronic examination on its own is adequate to meet the requirements of 19 C.F.R. § 351.519(a)(4)(ii), especially in conjunction with the GOI's normal procedures. Add to this the second phase, which entailed an on-site verification and further analysis of BKT's tracking and accounting, and it becomes doubly certain that the GOI's examination met the requirements of 19 C.F.R. § 351.519(a)(4)(ii).

Moreover, the deficiency letters, documents requiring payment of duties, reports of chartered engineers and accountants that conducted additional audits lend additional support to Commerce's reliance on the Audit Report. GOI IQR, Exhs. AAS-2 to AAS-5, C.R. 77, P.R. 81; *see* I&D Mem. at 19, P.R. 267. Meanwhile, the only analysis provided by Plaintiff that the Audit

Report was cursory, aside from the length of the document, is a claim that [ ] with respect to the AAS was accurate, in support of which it cites only [ ]. *See* Pl. Br. at 9. For Plaintiff's reasoning to make sense, it would be necessary to disregard nearly the entire Audit Report to find it deficient.

Plaintiff's suggestion that "[ ] in the text of the 'Verification Report' indicates that the DGFT [ ], Pl. Br. at 8, appears to be contradicted by the introductory sentence of the report which notes that the purpose of the verification was [ ] Audit Report at 1, C.R. 77, P.R. 81. The [ ] were not limited to just the [ ] and the language of the report therefore clearly implies at the very least that DGFT would not only examine records at the [ ] but would discuss in general the [ ], to track consumption. *See* Audit Report; I&D Mem. at 19–20. Moreover, even if physical records were examined at a single plant, this is in keeping with common audit techniques that do not require every single facility to be examined – a practice followed by Commerce itself. For the reasons above, the Court should reject Plaintiff's view that the verification and resulting Audit Report were "incomplete," "cursory," or otherwise deficient, and that Commerce's conclusion that the GOI's examination met the requirements of 19 C.F.R. § 351.519(a)(4)(ii) is not supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, the GOI respectfully requests that the Court reject Plaintiff's arguments and sustain the *Final Results*, as amended by the *Amended Final Results.*

Respectfully submitted,

**/s/ John M. Gurley**

John M. Gurley
William Stroupe II
Tyler Kimberly
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6301

February 13, 2025

*Counsel for the Government of India*

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's Standard Chamber Procedure 2(b)(1) and the Court's Scheduling Order of February 7, 2024, the undersigned certifies that Defendant-Intervenor's Response Brief filed on February 13, 2025, complies with the word limitation requirement. The word count for Defendant-Intervenor's Response Brief, as computed by ArentFox Schiff LLP's word processing system is 2,196.

**/s/ John M. Gurley**
John M. Gurley