IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| TITAN TIRE CORPORATION, | |
| Plaintiff, | |
| v. | Court No. 23-00233 |
| UNITED STATES, | NONCONFIDENTIAL VERSION |
| Defendant, | Business Proprietary Information Deleted from Pages 3 and 8–13. |
| and | |
| BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA, | |
| Defendant-Intervenors. | |

**REPLY BRIEF OF PLAINTIFF TITAN TIRE CORPORATION**

Adam H. Gordon, Esq.
Jennifer M. Smith-Veluz, Esq.
Benjamin J. Bay, Esq.
Kieran O'Connell, Esq.

THE BRISTOL GROUP PLLC
1707 L Street, NW
Suite 570
Washington, D.C. 20036
Email: jennifer.smith@bristolgrouplaw.com
Tel.: (202) 991-2705

*Counsel to Titan Tire Corporation*

Dated: March 27, 2025

**NONCONFIDENTIAL VERSION**

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT ...............................................................................................1

ARGUMENT .........................................................................................................................4

I.  The GOI Failed to Show That It Has an Adequate System or Procedure Under 19 C.F.R. § 351.519(a)(4)(i).................................................................................................4

II. The Other Documents Could Not and Did Not Constitute an Examination Under 19 C.F.R. § 351.519(a)(4)(ii)..................................................................................................5

   A. Titan Was Not Required to Exhaust Its Argument That Documents from Entities Other Than the GOI Cannot Constitute an Examination Under 19 C.F.R. § 351.519(a)(4)(ii) Because It Involves a "Pure Question of Law." .............................5

   B. The Other Documents Do Not Support an Examination Under 19 C.F.R. § 351.519(a)(4)(ii)..................................................................................................8

   C. The Government's Clarification That Commerce Found That the "Verification" Was the Examination Under 19 C.F.R. § 351.519(a)(4)(ii) Confirms That the Other Documents Are Not Dispositive. ....................................................................9

III. Commerce's Determination That BKT Did Not Use or Benefit from the AAS Was Not Supported by Substantial Evidence or in Accordance with Law Because the GOI's "Verification" of BKT Was Not a Substantively Meaningful Examination of BKT's Actual Data During the POR Under 19 C.F.R. § 351.519(a)(4)(ii). .............................10

IV. If the Court Finds That Commerce's Determination That BKT Did Not Use or Benefit from the AAS Was Not Supported by Substantial Evidence or in Accordance with Law, Then It Must Also Require Commerce to Recalculate the Subsidy Rates for BKT and the Non-Examined Companies. ..................................................................................14

CONCLUSION.....................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Agro Dutch Indus. v. United States*, 508 F.3d 1024 (Fed. Cir. 2007) .......................................... 7

*Dalian Hualing Wood Co. v. United States*, 675 F. Supp. 3d 1294 (Ct. Int'l Trade 2023) ......... 7

*Gerber Food (Yunnan) Co. v. United States*, 33 CIT 186, 601 F. Supp. 2d 1370 (2009) ........... 7

*Guizhou Tyre Co. v. United States*, 348 F. Supp. 3d 1261 (Ct. Int'l Trade 2018) ....................... 7

*Itochu Bldg. Prods. v. United States*, 733 F.3d 1140 (Fed. Cir. 2013) ........................................ 7

*Meridian Prods., LLC v. United States*, 77 F. Supp. 3d 1307 (Ct. Int'l Trade 2015) .................. 6

*MTZ Polyfilms, Ltd v. United States*, 33 CIT 1575, 659 F. Supp. 2d 1303 (2009) .................... 14

*San Vicente Camalu SPR de RI v. United States*, 31 CIT 599, 491 F. Supp. 2d 1186 (2007) ..... 6

**Statutes**

28 U.S.C. § 2637(d) ....................................................................................................................... 6

**Regulations**

19 C.F.R. § 351.519(a)(4)(i) ............................................................................................. 1, 4, 7, 15

19 CFR 351.519(a)(4)(ii) ............................................................... 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 15

**Agency Determinations**

*Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 68,101 (Dep't of Commerce Oct. 3, 2023), accompanying Issues and Decision Memorandum ............................................... 1, 2, 4, 6, 11

*Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2022*, 89 Fed. Reg. 84,331 (Dep't of Commerce Oct. 22, 2024), accompanying Issues and Decision Memorandum, ACCESS Barcode 4649636-02 .............. 5

*Certain New Pneumatic Off-the-Road Tires From India: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, in Part, and Alignment of Final Determination With Final Antidumping Determination*, 81 Fed. Reg. 39,903 (Dep't of Commerce June 20, 2016), accompanying Decision Memorandum, ACCESS Barcode 3478365-01 ....................................................... 4

*Countervailing Duty Investigation of Certain New Pneumatic Off-the-Road Tires From India: Final Affirmative Determination, and Final Affirmative Critical Circumstances Determination, in Part*, 82 Fed. Reg. 2946 (Dep't of Commerce Jan. 10, 2017), accompanying Issues and Decision Memorandum, ACCESS Barcode 3534161-01 .... 1, 4, 12

NONCONFIDENTIAL VERSION

**SUMMARY OF ARGUMENT**

In the investigation, the U.S. Department of Commerce ("Commerce") properly determined that the Government of India ("GOI") does not have in place and apply a system or procedure to confirm which inputs are consumed in the production of the exported products and in what amounts, and the system or procedure is reasonable, effective for the purposes intended, and is based on generally accepted commercial practices in the country of export with respect to the Advanced Authorization Scheme ("AAS") under 19 C.F.R. § 351.519(a)(4)(i).  *See Countervailing Duty Investigation of Certain New Pneumatic Off-the-Road Tires From India: Final Affirmative Determination, and Final Affirmative Critical Circumstances Determination, in Part*, 82 Fed. Reg. 2946 (Dep't of Commerce Jan. 10, 2017), accompanying Issues and Decision Memorandum, ACCESS Barcode 3534161-01 ("*Inv. IDM*"), at 14–15, 28–30.  In the 2021 administrative review at issue here, Commerce properly did not find any reason to revisit that determination and chose not to accept arguments from the GOI and mandatory respondent Balkrishna Industries Ltd. ("BKT") to the contrary.  *See Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 68,101 (Dep't of Commerce Oct. 3, 2023), P.R. 268, accompanying Issues and Decision Memorandum (Sept. 27, 2023) ("*Final IDM*") at 16–20, P.R. 267.  The GOI thus failed to show that it has an adequate system or procedure under 19 C.F.R. § 351.519(a)(4)(i).  This Court should reject the GOI's argument regarding the adequacy of its system here.  *See* Def.-Intervenor Gov't of India's Resp. in Opp'n to Pl.'s R. 56.2 Mot. for Jmt. on the Agency R., ECF No. 68 (Conf. Version), ECF No. 69 (Public Version) ("GOI's Br."). 5–6.

In the absence of an adequate system under 19 C.F.R. § 351.519(a)(4)(i), the entire amount of BKT's import duties that were exempted under the AAS are countervailable, unless

Commerce determines that "the government in question has carried out an examination of actual inputs involved to confirm which inputs are consumed in the production of the exported product, and in what amounts." 19 C.F.R. § 351.519(a)(4)(ii). Commerce improperly found that the GOI had conducted such an examination in this review, citing a GOI "verification" of BKT in 2022 and other documentation. *See Final IDM* at 18–20, P.R. 267.

It was not clear to Titan whether Commerce had determined that the documentation that did not pertain to the 2022 "verification" (*i.e.*, the documents other than the "Verification Report") (collectively, "the Other Documents") independently constituted an examination under 19 C.F.R. § 351.519(a)(4)(ii). Titan thus argued that the Other Documents could not constitute such an examination. *See* Br. in Supp. of the R. 56.2 Mot. for Jmt. on the Agency R. of Pl. Titan Tire Corporation, ECF No. 57-2 (Corrected Conf. Version), ECF No. 58-2 (Corrected Public Version) ("Titan's Br.") 11–13. Titan was not required to exhaust administrative remedies with respect to its argument that documents that were not generated by the GOI cannot constitute such an examination, *see id.* at 11–12, because that argument involves a pure question of law. Further, Titan properly exhausted administrative remedies with respect to its argument that the Other Documents were insufficient to support Commerce's conclusion that the GOI carried out an examination that satisfied 19 C.F.R. § 351.519(a)(4)(ii). *See* Case Br. of Titan Tire Corporation ("Titan's Case Br.") at 23, 25–26, C.R. 251, P.R. 250; Rebuttal Br. of Titan Tire Corporation ("Titan's Rebuttal Br.") at 16, 18–19, C.R. 254, P.R. 261.

Nevertheless, those issues are not dispositive because Defendant the United States ("the Government") clarified in its response brief that Commerce determined that the "verification" was the examination that Commerce found to satisfy 19 C.F.R. § 351.519(a)(4)(ii), and Commerce did <u>not</u> find the Other Documents were an independent basis for an examination

under 19 C.F.R. § 351.519(a)(4)(ii).  *See* Def.'s Resp. to Pl.'s Mot. for Jmt. on the Agency R. ("Def.'s Br.") 9, 15–17.[1]

The linchpin of Commerce's determination is thus the "verification" itself.  As detailed below, Commerce's determination that the "verification" constituted a sufficient examination under 19 C.F.R. § 351.519(a)(4)(ii) is unsupported by substantial evidence and not in accordance with law because it was incomplete, [

], and conducted *post hoc* at BKT's request solely for the purposes of this review.  *See* Titan's Br. 13–15.  Commerce has permitted a respondent to game the system and avoid CVD liability for a program that was otherwise countervailable simply by requesting a "verification" after the fact from a willing foreign government for the sole purpose of avoiding such liability.  This creates a loophole that threatens to eviscerate the regulation through significant potential gamesmanship.  The Government has not expressed any concern about that, but this Court must not permit it.

The Government only opposes Titan's challenges to the subsidy rates for BKT and the non-examined companies because it disputes Titan's argument that Commerce improperly determined that BKT did not use or benefit from the AAS.  *See* Def.'s Br. 19–20.  The Government does not deny that <u>if</u> Commerce's determination was improper, <u>then</u> Commerce's prior calculation of BKT's subsidy rate (excluding the AAS) was incorrect, and Commerce must correct the subsidy rate for BKT to include the AAS and must recalculate the subsidy rate for the

---

[1] BKT's brief incorporates the Government's brief by reference.  *See* Def.-Intervenor Balkrishna Industries Limited's Resp. in Opp'n to Pl.'s R. 56.2 Mot. for Jmt. on the Agency R., ECF No. 66 (Conf. Version), ECF No. 67 (Public Version) ("BKT's Br.") 1 n.1.  The GOI's brief incorporates the Government's and BKT's briefs by reference.  *See* GOI's Br. 1–2 n.1.  This reply brief responds to the arguments in Government's, BKT's, and the GOI's briefs but only references the party or parties that directly discussed each argument for the sake of simplicity.

companies that were not selected for individual examination ("non-examined companies") to account for BKT's corrected rate. *See id.*

## ARGUMENT

**I.     The GOI Failed to Show That It Has an Adequate System or Procedure Under 19 C.F.R. § 351.519(a)(4)(i).**

The GOI argues that an examination of BKT's use of the AAS under 19 C.F.R. § 351.519(a)(4)(ii) "was not necessary" because the GOI has a system that "was sufficient to satisfy 19 C.F.R. § 351.519(a)(4)(i)." GOI's Br. 5. This argument lacks merit, and Commerce — correctly — did not accept this argument from the GOI (and BKT) in this review. *See Final IDM* at 16–20, P.R. 267.

The GOI argues that Commerce "did not make any affirmative finding in the instant Annual Review that the GOI's normal procedures were inadequate." GOI's Br. 5–6. Yet Commerce had already made an affirmative finding in the investigation that GOI did not have a reasonable or effective system with respect to the AAS that was sufficient to satisfy 19 C.F.R. § 351.519(a)(4)(i). *See Certain New Pneumatic Off-the-Road Tires From India: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, in Part, and Alignment of Final Determination With Final Antidumping Determination*, 81 Fed. Reg. 39,903 (Dep't of Commerce June 20, 2016), accompanying Decision Memorandum, ACCESS Barcode 3478365-01, at 13–15, *unchanged in relevant part in Inv. IDM* at 14–15, 28–30. In this review, there was no basis for Commerce to revisit that finding, and therefore Commerce did not find that GOI has a system that was sufficient to satisfy 19 C.F.R. § 351.519(a)(4)(i). *See Final IDM* at 19, P.R. 267.

Indeed, as Commerce explicitly concluded in the subsequent 2022 administrative review, "19 CFR 351.519(a)(4)(i) does not apply . . . , as Commerce found the GOI's system to be

4

lacking in the investigation, and no party has submitted information demonstrating that the GOI has revised its system to remedy what Commerce perceived as deficiencies in the past." *Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2022*, 89 Fed. Reg. 84,331 (Dep't of Commerce Oct. 22, 2024), accompanying Issues and Decision Memorandum, ACCESS Barcode 4649636-02, at 24 (footnote omitted).

Further, as Commerce has found that the normal processes and procedures under the AAS are inadequate, Commerce's findings in this review do not and cannot "simply corroborate{} the reliability of GOI's regular verification process and of BKT's normal reporting procedures," as the GOI has asserted. GOI's Br. 6.

**II.     The Other Documents Could Not and Did Not Constitute an Examination Under 19 C.F.R. § 351.519(a)(4)(ii).**

**A.  Titan Was Not Required to Exhaust Its Argument That Documents from Entities Other Than the GOI Cannot Constitute an Examination Under 19 C.F.R. § 351.519(a)(4)(ii) Because It Involves a "Pure Question of Law."**

As an initial matter, the Government and BKT appear to be confused about the nature of Titan's argument regarding documents from entities other than the GOI. *See* Def.'s Br. 10–12, 16; BKT's Br. 5–9. Titan raised this argument because it was unclear whether Commerce had determined that the "verification" of BKT itself was the examination that Commerce found to satisfy 19 C.F.R. § 351.519(a)(4)(ii) or whether Commerce had determined the Other Documents were an independent basis for finding an examination that satisfied 19 C.F.R. § 351.519(a)(4)(ii), when Commerce stated:

> the GOI and BKT have placed substantial documentation on the record confirming the GOI's examination of BKT, including the GOI's verification report for its verification of BKT's consumption ratios during the POR, the calculations of the ratios themselves – including a determination of wastage rates, examples of deficiency letters issued by the GOI, documents requiring the

5

    payment of duties for imports that were not consumed in exported products, and numerous other documents relevant to the examination, including the reports of chartered engineers and accountants that conduct additional audits separate from the GOI's audit.

*Final IDM* at 19, P.R. 267.

    In its opening brief, Titan argued that "BKT's own calculations of its consumption ratios and determination of wastage rates and the reports of outside accountants and engineers cannot satisfy 19 C.F.R. § 351.519(a)(4)(ii) because they do not constitute an examination by 'the government in question.'"[2] Titan's Br. 12. The issue of whether documents that were not generated by the GOI can constitute "an examination of actual inputs involved to confirm which inputs are consumed in the production of the exported product, and in what amounts" by "the government in question" under 19 C.F.R. § 351.519(a)(4)(ii) is a pure question of law. *Cf. Meridian Prods., LLC v. United States*, 77 F. Supp. 3d 1307, 1313 (Ct. Int'l Trade 2015) (holding that "the language of the scope itself can present a 'pure' question of law to the extent the language is not susceptible to interpretation"); *San Vicente Camalu SPR de RI v. United States*, 31 CIT 599, 615, 491 F. Supp. 2d 1186, 1203 (2007) (holding that "the issue of whether Commerce should have followed the procedures set forth in [the regulations as amended in 1997] with respect to the suspension of the antidumping investigation involves strictly questions of law" (internal quotation marks and citations omitted)).

    This Court requires the exhaustion of administrative remedies only "where appropriate." 28 U.S.C. § 2637(d). As the Government recognizes, *see* Def.'s Br. 11, there is "a 'pure legal

---

[2] BKT mischaracterizes Titan's argument as requiring the GOI itself to calculate BKT's consumption ratios and wastage rates rather than verify the information that BKT submitted. *See* BKT's Br. 5–9. Titan did not argue that the GOI had to perform those calculations instead of BKT; rather, Titan simply argued that only action by the GOI itself could constitute an examination under 19 C.F.R. § 351.519(a)(4)(ii), and the actions of BKT and others thus could not constitute an examination under 19 C.F.R. § 351.519(a)(4)(ii). *See* Titan's Br. 11–12.

6

question' exception to the exhaustion doctrine." *Dalian Hualing Wood Co. v. United States*, 675 F. Supp. 3d 1294, 1301 (Ct. Int'l Trade 2023) (quoting *Agro Dutch Indus. v. United States*, 508 F.3d 1024, 1029 (Fed. Cir. 2007)). This Court has recognized that:

> To qualify for this exception, plaintiff must raise a new argument that is of a purely legal nature, the inquiry must not require further agency involvement, additional fact finding, or opening up of the record, and the inquiry must neither create undue delay nor cause expenditure of scarce party time and resources.

*Gerber Food (Yunnan) Co. v. United States*, 33 CIT 186, 195–96, 601 F. Supp. 2d 1370, 1380 (2009).

Titan's argument that documents that were not generated by the GOI cannot constitute an examination by "the government in question" under 19 C.F.R. § 351.519(a)(4)(ii) involves a purely legal question, as the plain language of the regulation explicitly requires that the <u>government</u> itself must conduct the examination. *See* 19 C.F.R. § 351.519(a)(4)(ii); *cf. Guizhou Tyre Co. v. United States*, 348 F. Supp. 3d 1261, 1278 (Ct. Int'l Trade 2018) (upholding Commerce's decision to focus on the government's responses, rather than the respondent's, in making an assessment under 19 C.F.R. § 351.519(a)(4)(i) "in light of the fact that its regulations specifically require that {Commerce} determine that the '*government* in question has in place and applies' the appropriate procedure confirming which inputs are consumed in the production and in what amounts"). This argument does not require further agency involvement or factfinding or reopening of the record, as there is no factual dispute that the documents were not generated by the GOI. Addressing this purely legal argument would not cause undue delay or expenditure of scarce party time and resources. *See Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1146 (Fed. Cir. 2013) ("Requiring exhaustion may . . . be inappropriate where the issue for the court is a 'pure question of law' that can be addressed without further factual development or further agency exercise of discretion. In such circumstances, among others,

7

requiring exhaustion may serve no agency or judicial interest, may cause harm from delay, and may therefore be inappropriate." (internal citation omitted)). Accordingly, the pure question of law exception applies, and Titan was not required to exhaust the argument before Commerce.

### B. The Other Documents Do Not Support an Examination Under 19 C.F.R. § 351.519(a)(4)(ii).

Moreover, Titan did in fact argue in its case and rebuttal briefs before Commerce that the documentation other than the "verification" that Commerce cited, including BKT's consumption ratios and wastage rates and the GOI's deficiency letters to BKT, was "insufficient to support Commerce's conclusion" that the GOI carried out an examination that satisfied 19 C.F.R. § 351.519(a)(4)(ii). Titan's Case Br. at 23, 25–26, C.R. 251, P.R. 250; Titan's Rebuttal Br. at 16, 18–19, C.R. 254, P.R. 261. Titan thus exhausted administrative remedies with respect to this argument.

As Titan noted during the review, there is no evidence on the record that the GOI adequately checked the consumption ratios and wastage rates calculated by BKT because BKT's calculations of the ratios for AAS do not show any sourcing information such as an internal accounting system, and there was no additional verification of them by the GOI. *See* Titan's Rebuttal Br. at 18, C.R. 254, P.R. 261.

Additionally, the deficiency letters [     ] pertain to [

              ]. *See* Response to Countervailing Duty Questionnaire on behalf of Government of India ("GOI's QR") at Exs. AAS-4 to AAS-5, C.R. 80–81, P.R. 83–84; Balkrishna Industries Limited's Initial Section III Questionnaire Response (Part II) ("BKT's QR II") at Ex. AAS-11, C.R. 119, P.R. 104; Balkrishna Industries Limited's First Supplemental Questionnaire Response and Response to New Subsidy Allegations ("BKT's SQR") at Ex. S-9, C.R. 209, P.R. 193. They do not reflect [

8

] to confirm which inputs are consumed in the production of the exported product, and in what amounts, and they do not [                    ]. *See* GOI's QR at Exs. AAS-4 to AAS-5, C.R. 80–81, P.R. 83–84; BKT's QR II at Ex. AAS-11, C.R. 119, P.R. 104; BKT's SQR at Ex. S-9, C.R. 209, P.R. 193.

The Government incorrectly asserts that "Titan Tire has not provided any basis for which to support its assertion that these deficiency letters [                    ] were not adequately complied with." Def.'s Br. 17. To the contrary, Titan [                                        ]. *See* Titan's Br. 13; Rebuttal Br. of Titan at 19, C.R. 254, P.R. 261. Specifically, [                                        ] BKT's QR II at Ex. AAS-3, C.R. 116, P.R. 103. [                    ]. *See id.* [                    ].

For these reasons, and for the reasons further detailed at pages 11–13 of Titan's opening brief, the Other Documents do not support Commerce's conclusion that the GOI carried out an examination under 19 C.F.R. § 351.519(a)(4)(ii).

### C. The Government's Clarification That Commerce Found That the "Verification" Was the Examination Under 19 C.F.R. § 351.519(a)(4)(ii) Confirms That the Other Documents Are Not Dispositive.

In any event, the issues regarding the Other Documents are not dispositive, as the Government helpfully clarified in its response brief that the examination that Commerce found to satisfy 19 C.F.R. § 351.519(a)(4)(ii) was the GOI's "verification" of BKT (which was

9

memorialized in the "Verification Report") and that Commerce did <u>not</u> find the Other Documents were an independent basis for finding an examination under 19 C.F.R. § 351.519(a)(4)(ii). *See* Def.'s Br. 9, 15–17. The Government stated that "Commerce did not itself rely on BKT's consumption ratios as independent evidence supporting its conclusion," and "Commerce evaluated the GOI's verification report and did not rely on independent data . . . ." Def.'s Br. 16. BKT's and the GOI's briefs also confirm that the examination at issue was the "verification" and accompanying "Verification Report." *See* BKT's Br. 2–5, 7–11; GOI's Br. 3.

**III.    Commerce's Determination That BKT Did Not Use or Benefit from the AAS Was Not Supported by Substantial Evidence or in Accordance with Law Because the GOI's "Verification" of BKT Was Not a Substantively Meaningful Examination of BKT's Actual Data During the POR Under 19 C.F.R. § 351.519(a)(4)(ii).**

The Government acknowledges that "{t}he Federal Circuit has not opined on what constitutes an actual examination under 19 C.F.R. § 351.519(a)(4)(ii)." Def.'s Br. 13. The Government, BKT, and the GOI have not taken issue with Titan's argument that the plain language of 19 C.F.R. § 351.519(a)(4)(ii) requires that the examination must be substantively meaningful and must cover the actual inputs and consumption during the POR. *See* Def.'s Br. 15; BKT's Br. 6–7; GOI's Br. 5–8. Rather, the Government argues that Titan failed to demonstrate why the GOI's "verification" of BKT did not satisfy those requirements. *See* Def.'s Br. 15; *see also* BKT's Br. 6–7. As Titan argued in its opening brief, however, that "verification" was not a substantively meaningful examination of BKT's actual inputs and consumption during the POR because, *inter alia*, it was incomplete; [

]; and conducted *post hoc* at BKT's request solely for the purposes of this review. *See* Titan's Br. 13–15.

10

The "verification" was incomplete, as the GOI's Directorate General of Foreign Trade ("DGFT") conducted the "verification" at only one of BKT's three factories.  *See* Balkrishna Industries Limited's Initial Section III Questionnaire Response (Part I), P.R. 64 at 2; *Final IDM* at 20, P.R. 267.  [          ] in the text of the "Verification Report" indicates that the DGFT [                                                        ].  *See* GOI's QR at Ex. AAS-1, C.R. 77, P.R. 81.  The GOI itself is unable to cite any concrete evidence to the contrary; instead, the GOI merely assets that the "Verification Report" "<u>appears to</u>" [

], and "therefore clearly <u>implies</u>" that the DGFT "would discuss in general" the [                    ] to track consumption.  GOI's Br. 8 (emphasis added).  And even that implication suggests that the DGFT's general discussion [

].

In addition, the "verification" was [                                        ], *see* GOI's QR at Ex. AAS-1, C.R. 77, which no party has denied.  The DGFT [

].  *See id.*  [


].  There is no evidence that the DGFT [


].  *See id.*  Nor is there any evidence that the DGFT actually [


].  *See id.*

The [     ] length of the "Verification Report" reflects that the DGFT did not conduct a complete and probing examination of all of BKT's plants or [                        ].  *See id.*

11

Commerce's determination that the "verification" satisfied 19 C.F.R. § 351.519(a)(4)(ii) was unsupported by substantial evidence and not in accordance with law because the regulation requires more.  To satisfy 19 C.F.R. § 351.519(a)(4)(ii), "the government in question" must have "carried out an examination of actual inputs involved to confirm which inputs are consumed in the production of the exported product, and in what amounts."  The Government's and the GOI's assertions that an auditing practice of mere sampling is sufficient, *see* Def.'s Br. 17; GOI's Br. 8, appear to contradict the plain language of the regulation.  They do not specify what minimal level of sampling would suffice.  *See* Def.'s Br. 17; GOI's Br. 8.  Nevertheless, even if the regulation allows the government's examination to consist of an audit covering less than all actual inputs and amounts involved, any audit would have to involve a rigorous scrutiny and testing of data, which [                                          ].

Requiring a complete, meaningful, and rigorous examination is particularly necessary where, as here, the "verification" was not part of the GOI's normal processes or procedures for the AAS program.  *See Inv. IDM* at 29–30.  Indeed, as Commerce previously found in the investigation, the DGFT does not regularly conduct audits and could not provide a single example of a prior audit.  *See id.*  There is no indication on the record that the DGFT has ever conducted a "verification" in any instance other than this one.

Rather, the record clearly establishes that the GOI conducted the "verification" solely because BKT requested it in order to avoid CVD liability in this review.  *See* BKT's SQR at 20–21, C.R. 209, P.R. 192; Response to Supplemental Questionnaire (Attachment – 1) and New Subsidy Allegations (Attachment – 2) issued under Barcode: 4333202 – 01 on behalf of the Government of India. ("GOI's SQR") at 15–17, C.R. 187, P.R. 184; *see also* GOI's QR at Ex. AAS-1, C.R. 77 ([

12

]).  BKT and the GOI have not denied that fact; instead, they merely oppose any inference that they inappropriately colluded in the creation of the "Verification Report."  *See* BKT's Br. 9–11; GOI's Br. 6–7.

BKT and the GOI coordinated and cooperated at least insofar as BKT made the request for a "verification" to avoid CVD liability in this review, and the GOI obliged BKT's request to conduct the "verification" — even if they did not inappropriately collude with respect to the GOI's ultimate findings in the "Verification Report."

And even in the absence of any inappropriate collusion, the fact remains that Commerce has allowed a respondent to avoid CVD liability for a program that was otherwise countervailable (throughout the entirety of the POR and afterward) by requesting a "verification" from its government after the POR solely for that purpose, and Commerce accepted such a "verification" as sufficient to find that the program was not countervailable even though the "verification" was not complete and [

].³  This is inconsistent with the letter and spirit of the regulation.

The Government has not expressed any concern about this in its brief, but this Court should.  The Government has ignored (but has not denied) that Titan's argument that Commerce has invited significant potential for gamesmanship from foreign companies that seek to avoid CVD liability and governments that are willing to oblige such requests from their companies.

---

³ Titan has not argued in this appeal that Commerce was required to conduct verification in this review or that Commerce abused its discretion in declining to do so.  However, Commerce's decision not to conduct its own probing verification of the GOI's "verification" makes Commerce's ultimate decision to accept it even more troubling.  *See* Titan's Br. 14.

13

*See* Titan's Br. 14–15.  To preserve the meaning and effect of the regulation, the Court must not allow that to happen.  *See MTZ Polyfilms, Ltd v. United States*, 33 CIT 1575, 1588, 659 F. Supp. 2d 1303, 1315 (2009) (rejecting an argument that "would render 19 C.F.R. § 351.519(a)(4) irrelevant").

**IV.    If the Court Finds That Commerce's Determination That BKT Did Not Use or Benefit from the AAS Was Not Supported by Substantial Evidence or in Accordance with Law, Then It Must Also Require Commerce to Recalculate the Subsidy Rates for BKT and the Non-Examined Companies.**

If the Court finds that Commerce's determination that BKT did not use or benefit from the AAS unsupported by substantial evidence or otherwise not in accordance with law, then the Court must also require Commerce to:  (1) correct BKT's total subsidy rate to include the subsidy rate for the AAS program and (2) account for BKT's recalculated rate in calculating the subsidy rate for non-examined companies.  *See* Titan's Br. 15–16.  Titan's arguments on those two issues logically flow from Titan's argument that Commerce improperly determined that BKT did not use or benefit from the AAS.  *See id.*

There is no dispute about the proper <u>methodologies</u> for calculating BKT's subsidy rate or determining the subsidy rate for non-examined companies.  *See id.*; Def.'s Br. 19–20.  Rather, the Government only argues that Commerce's determinations of the subsidy rates for BKT and the non-examined companies were correct because it disputes the <u>premise</u> that Commerce improperly determined that BKT did not use or benefit from the AAS.  *See* Def.'s Br. 19–20.  The Government does not dispute the <u>consequent</u> — *i.e.*, the Government does not deny that <u>if</u> the Court agrees that Commerce improperly determined that BKT did not use or benefit from the AAS, <u>then</u> Commerce's prior calculation of BKT's subsidy rate without the AAS was incorrect, and Commerce must recalculate the subsidy rates for BKT and the non-examined companies accordingly.  *See id.*

14

## CONCLUSION

For the foregoing reasons, this Court should reject the GOI's argument that it has an adequate system or procedure under 19 C.F.R. § 351.519(a)(4)(i), and this Court should determine that Titan was not required to exhaust administrative remedies with respect to its argument that documents that were not generated by the GOI cannot constitute an examination under 19 C.F.R. § 351.519(a)(4)(ii), the Other Documents did not constitute an examination under 19 C.F.R. § 351.519(a)(4)(ii), Commerce's determination that BKT did not benefit from or use the AAS because the "verification" was an examination under 19 C.F.R. § 351.519(a)(4)(ii) was unsupported by substantial evidence and not in accordance with law, and for that reason, Commerce must correct the calculation of BKT's subsidy rate to account for its benefits from the AAS and recalculate the subsidy rate for the non-examined companies to account for BKT's correct rate.

Respectfully submitted,

*/s/ Jennifer M. Smith-Veluz*
Adam H. Gordon, Esq.
Jennifer M. Smith-Veluz, Esq.
Benjamin J. Bay, Esq.
Kieran O'Connell, Esq.

**THE BRISTOL GROUP PLLC**
1707 L Street, NW
Suite 570
Washington, D.C. 20036

Email: jennifer.smith@bristolgrouplaw.com
Tel.: (202) 991-2705

*Counsel to Titan Tire Corporation*

Dated: March 27, 2025

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Standard Chambers Procedure 2(B), the undersigned certifies that this brief complies with the word limitation requirement.  The word count for the Reply Brief of Plaintiff Titan Tire Corporation, as computed by The Bristol Group PLLC's word processing system Microsoft Word for Microsoft 365, is 4,691 words, less than the 6,000-word limit.  *See* Order, ECF No. 72.

        */s/ Jennifer M. Smith-Veluz*
        Jennifer M. Smith-Veluz, Esq.
        **THE BRISTOL GROUP PLLC**
        *Counsel to Titan Tire Corporation*

Dated:  March 27, 2025